Eufemia Alamo Ramirez
(Name)

808 Union St.
(Address)

San Diego, California, 92101
(City, State, Zip)

95287 198
(CDC Inmate No.)



FILED
JUL 1 5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# United States District Court
## Southern District of California

Eufemia Alamo Ramirez        ,
(Enter full name of plaintiff in this action.)

                              Plaintiff,

v.
Paula M. Jarnecke
Warden
Metropolitan Correctional
Center                       ,

_____,

Robert E. McFadden, Director
(Enter full name of each defendant in this action.)
Western Regional          Defendant(s).

08CV976 WQH-CAB

Civil Case No._____
(To be supplied by Court Clerk)

**FIRST AMENDED**
Complaint under the
Civil Rights Act
42 U.S.C. § 1983

### A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.
 Paula M. Jarnecke, Warden, 808 Union St., San Diego, Ca., 92101 .

### B. Parties

1. <u>Plaintiff:</u> This complaint alleges that the civil rights of Plaintiff, Eufemia Alamo
(print Plaintiff's name)
Ramirez                    , who presently resides at 808 Union St.
                                                      (mailing address or place of confinement)
San Diego, California, 92101                          , were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at Metropolitan

Correctional Center San Diego on (dates) 07/27/06, 07/27/06 and 08/18/06.
(institution/place where violation occurred)   (Count 1)   (Count 2)   (Count 3)

§ 1983 SD Form
(Rev. 4/06)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant <u>Paula M. Jernecke</u> resides in <u>San Diego</u>,
                (name)                                   (County of residence)
and is employed as a <u>Warden</u>. This defendant is sued in
                           (defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: <u>She is the Chief Executive of the Metropolitan</u>
<u>Correctional Center of San Diego. She is a responsible person</u>
<u>for the total operation of the facility.</u>

Defendant <u>Robert E. McFadden</u> resides in <u>Stockton</u>,
                (name)                           (County of residence)
and is employed as a <u>Director</u>. This defendant is sued in
                         (defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: <u>The Warden is directly working under the director-</u>
<u>ship of the Director of Western Regional, Bureau of Prisons.</u>

Defendant <u>not applicable</u> resides in <u>not applicable</u>,
               (name)                         (County of residence)
and is employed as a <u>not applicable</u>. This defendant is sued in
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: <u>not applicable</u>

Defendant <u>not applicable</u> resides in <u>not applicable</u>,
               (name)                         (County of residence)
and is employed as a <u>not applicable</u>. This defendant is sued in
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: <u>not applicable</u>

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Right to be informed of the Instution's rules/procedures; right to safe housing environment. (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

Paula M. Jernecke, Warden and Robert E. McFadden failed to post a barricade sign by the stairway leading to the lower level we call "Range 4" to alert inmates that there was unfinished janitorial work downstairs. The walkway was accessing inmates to the pay phone area. We were not warned of the impending danger of slipping of a slippery substance stripping the waxed floor. The walkway was dry but as I approached the telephone area my shoes slipped, skidded and threw me off balance. I landed on a pool of excessive janitorial chemical substances which I thought was soap and water. I struggled to get up but unable to on a slippery surface. I screamed for help and another inmate came to help. The choice of housekeeping material for wax stripping was not properly assessed to consider our safety with 45 inmates occupying the Unit. Chemical used were thick, slippery, and dangerously dangerous unsafe. It took long hours of soaking the area before layers of wax were dissolved. Orderlies has to wait, leave for sometime waiting for the action of the chemical. Our safety is in question. I slipped, skidded of the substance dragged outside of the work area with my body sprawling flat on the hard floor with my left hand bracing my head from hitting the floor. I broke my arm but luckily saved a broken head.

<u>Count 2</u>: The following civil right has been violated: <u>Right to be treated with res-</u>
<u>pect; right to complain of pain.</u>
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

Paula M. Jernecke, Warden and Robert E. McFadden Director of the Western Regional failed to acknowledge my complaint to have my pain be relieved. My request for assistance to make a pain medication readily available for me was denied due to the "lock-in regulations." I was disrespectfully yelled, said in a loud, forceful voice within the hearing of the other inmates in other locked rooms, "it is not my fault that you are in jail." By this time my left arm was terribly swollen, fingers with hematoma, and I was on severe pain. Medical Staff were not on duty during the night to modify my pain medication dosage. I had no pain coverage in a span of 12 hours during the night. The only pain medication available was tylenol which took two motions to open. I used my one good hand, my feet, my knees but to no avail. I reached my maximum level of my pain threshold and I needed help.

I filed a formal complaint to the Warden regaring the situation. I lost my sleep that night. Two days later, I was summond to the Lieutenant's Office. I was awakened of my sleep to face the Lieutenant. Lieutenant Alvarez was very angry and said, "Because of your complaint I had to investigate." I was being scolded for taking such steps. He was throwing out to me harrasing questions "How do you know who was working?" Are you really sure who was on duty? Maybe you did not even know who was working?" The only words I said was, "another Officer told me." I was not allowed to say anything. I left the place feeling defeated and down. I do not need this on top of my pain suffering.

§ 1983 SD Form
(Rev. 4/06)

4

<u>Count 3</u>: The following civil right has been violated: <u>Right to be provided adequate health care delivery; execute therapy as ordered timely.</u>
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:   [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

Paula M. Jernecke, Warden and Robert E. McFadden, Director failed to provide Consultation with the Orthopedic Specialist in a timely manner to determine extent and severity of my fracture so appropriate treatment can be initiated. June 30, 2006 an inquiry was sent to Medical and responded July 10, 2006, 13 days after the accident. I was seen if surgery was indicated. Cast was applied to my left hand up to the upper left arm. This immobilize my injured left arm which prevented further injury and eased some pain but it was not soon enough. I suffered so much pain before this. The choice of pain medication was not the choice to my existing bleeding peptic ulcer. The Doctor was aware since he had scheduled me for Colonoscopy prior to the accident to determine where the bleeding coming from found in my stool. August 18, 2006, the cast was removed and Dr. Ina Jain ordered Physical Therapy. Paula M. Jernecke, Warden and Director Robert E. McFadden failed to provide the prescribed services due to the unavailability of the Transportation and Escort. My fractured left arm healed incorrectly with a noticeable bony elevation along the fractured site which causes discomfort. I am now even question if surgery was indicated then. I am continuing to take pain medications for a gnawing pain and limiting the use of my left arm.

§ 1983 SD Form
(Rev 4/06)

5

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case?  ☐ Yes  ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: __not applicable__

Defendants: __not applicable__

(b) Name of the court and docket number: __not applicable__

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?]
__not applicable__

(d) Issues raised: __not applicable__

(e) Approximate date case was filed: __not applicable__

(f) Approximate date of disposition: __not applicable__

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.]? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

Count 1, Mr. Jacoby the Counselor and Mr. Richmond the Unit Manager were both notified about the accident.

Count 2, A formal complaint to the Warden was filed; The response was defensive, insensitive to my suffering.

Count 3, Medical Staff were aware of the situation where the pre-scribed doctor's orders were not executed, the delay of the re-ferral was not clear to me; and the Medical Staff on duty during the night is still an existing problem.

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): __None__ _____

_____

_____

_____.

2. Damages in the sum of $ __220,000.00__ .

3. Punitive damages in the sum of $ __100,000.00__ .

4. Other: __$30,000.00__

__Limitation of the use of my left hand in full capacity.__ .

### F. Demand for Jury Trial

Plaintiff demands a trial by ☒Jury ☐ Court. (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.　　OR　　☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

__July 11, 2008__　　　　　　　　　　　　　　　　__Eufemia Alamo Ramirez__
Date　　　　　　　　　　　　　　　　　　　　　　Signature of Plaintiff

Damages Claim

1. Pain and suffering

    a. Physical and emotional injury and trauma    $50,000.00

    b. Permanent deformity evidenced by noticeable bony bump on the left wrist    $50,000.00

    c. Limiting my ability to earn a living as a legal Nurse Consultant; 60% of my income is the use of my computer and typewriter for reports. Pain limits my tolerance to use my fingers in computer and typewriter    $120,000.00

                                                                      _____

                                                                      $220,000.00

*[signature: Eugenia Alamo Ramirez]*

Punitive Damages

1. Disregard of my safety and others    $30,000.00
   The wax stripper presently used
   is in a form of a liquid and dries in
   minutes. This could have been the choice
   of stripping chemical used then.

2. Unavailability of the Medical Staff on    $30,000.00
   duty during the night and insensivity to
   the inmate's complain of pain.

3. Failure to execute doctor's orders    $40,000.00
   for physical therapy; delay of the
   appropriate plan of treatment

   _____
   $100,000.00

*Eugenia Alamo Remirez*

Other Charges

My ability to function in full capacity with $30,000.00
the use of my hand became limited. I tend to favor
my left arm and hands due to discomfort in doing
my activities of daily living.

I will not have the fun of continuing my favorite sports such as racket ball and tennis and compete with my peer group since I had not full use of my left hand anymore.

*Eufemia Celeno Ramirez* (signature)

United States District Court
Southern District of California
880 Front St.
San Diego, California, 92101-8900

Eufemia Alarno Ramirez
  Plaintiff

V.

Paula M. Sernecke, Warden
Metropolitan Correctional Center of San Diego

Robert E. McFadden, Director
Western Regional Office
Bureau of Prisons
  Defendants

From:
Metropolitan Correctional Center, SD
808 Union St.
San Diego, Ca.
92101

To:
Metropolitan Correctional Center, SD
808 Union St.
San Diego, Ca. 92101

Western Regional Office
Bureau of Prisons
7338 Shoreline Drive
Stockton, California,
95219